Jason Barrat; AZ Bar No. 029086
Amanda Kuklinski; AZ Bar No. 035676
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
jbarrat@zoldangroup.com
akuklinski@zoldangroup.com

Attorneys for Plaintiff
Courtney Covington

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Courtney Covington**, an Arizona resident; | Case No. |
| Plaintiff, | VERIFIED COMPLAINT |
| v. | |
| **True Blue Car Wash, LLC**, an Arizona company; | **(Jury Trial Requested)** |
| Defendant. | |

Plaintiff Courtney Covington, for her Verified Complaint against Defendant True Blue Car Wash, LLC, hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendant for its unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendant' violations of the FLSA.

Doc ID: 1baa03aba60227157f91a65c05cec68db9d6db3e

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendant in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

7. Plaintiff worked full-time for Defendant from approximately January 1, 2019 until approximately August 13, 2020.

8. At all relevant times, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

9. True Blue Car Wash, LLC is a corporation authorized to do business in Arizona.

10. True Blue Car Wash, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

11. At all relevant times, True Blue Car Wash, LLC employed at least two employees.

12. Plaintiff has a reasonable good faith belief that in her work for Defendant, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

13. Plaintiff has a reasonable good faith belief that in her work for Defendant, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

14. At all relevant times, Plaintiff, in her work for Defendant, regularly used instrumentalities of interstate commerce.

15. Plaintiff, in her work for Defendant, regularly handled goods produced and transported in interstate commerce.

16. Plaintiff, in her work for Defendant, regularly used the internet.

17. Plaintiff, in her work for Defendant, regularly used the telephone.

18. Plaintiff, in her work for Defendant, regularly used telecommunications to communicate with Defendant's customers.

19. Plaintiff is a covered employee under individual coverage.

20. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

21. Defendant provides car washing and detailing services under the business names Clean Freak Car Wash, Rainstorm Car Wash, and Personal Touch Carwash & Detailing.

22. Defendant operates approximately 49 locations in the U.S., including approximately 23 locations in Arizona.

23. On or around January 1, 2019, Plaintiff commenced employment with Defendant as a customer service representative.

24. Plaintiff was paid an hourly rate of $12.50 per hour as a customer service representative.

Doc ID: 1baa03aba60227157f91a65c05cec68db9d6db3e

25. On or around May 10, 2019, Plaintiff was transferred to the Carmel Village, Chandler, Arizona location.

26. Approximately November 10, 2019, Plaintiff was promoted to Assistant Manager of the Carmel Village, Chandler, Arizona location.

27. As Assistant Manager, Plaintiff was paid an hourly wage of $15 per hour.

28. From approximately May 10, 2019 until approximately August 13, 2020, Defendant failed to properly compensate Plaintiff for all her overtime hours worked.

29. Plaintiff routinely worked in excess of 40 hours per week but was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours from approximately May 10, 2019 until approximately August 13, 2020.

30. Defendant regularly did not pay Plaintiff any wages for her hours worked in excess of 40 hours per week.

31. Plaintiff estimates that she worked approximately 60 to 70 hours each week of her employment beginning approximately May 10, 2019 until August 13, 2020.

32. Defendant was aware that Plaintiff's working hours routinely exceeded 40 hours and required her to work overtime as a condition of her employment.

33. Plaintiff was required to work five to six eight-hour shifts per week.

34. In addition to her regular shifts, Defendant expected Plaintiff to return to work to assist staff as needed, perform maintenance tasks, or address any emergent issues.

35. Defendant expected Plaintiff to accomplish tasks which she could not have completed in a 40-hour work week.

36. Defendant was aware that Plaintiff was working in excess of 40 hours per

Doc ID: 1baa03aba60227157f91a65c05cec68db9d6db3e

week.

37. Defendant was aware that Plaintiff was working off the clock.

38. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

39. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

40. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

41. At all relevant times, Plaintiff has been employed by Defendant within the meaning of the FLSA.

42. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

43. Defendant intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

44. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

45. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

46. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

47. Defendant knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek between May 10, 2019 and

Doc ID: 1baa03aba60227157f91a65c05cec68db9d6db3e

approximately August 13, 2020, and failed to pay proper overtime wages.

48. Defendant knew its failure to pay overtime wages was a violation of the FLSA.

49. Defendant has not made a good faith effort to comply with the FLSA.

50. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award liquidated damages 29 U.S.C. § 216(b);

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Doc ID: 1baa03aba60227157f91a65c05cec68db9d6db3e

RESPECTFULLY SUBMITTED June 7, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Amanda Kuklinski
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Courtney Covington

## **VERIFICATION**

Plaintiff Courtney Covington declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Courtney Covington